IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LEROY SOMMERS,                    )
                                  )
            Petitioner,           )
                                  )
                                  )        CIV-12-867-F
v.                                )
                                  )
JUSTIN JONES, Director,           )
                                  )
            Respondent.           )

## REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging the convictions for Sexual Abuse of a Child (counts one, two, and three) and Indecent or Lewd Acts with a Child Under Sixteen (counts four, five, seven, and eight) entered in the District Court of Oklahoma County, Case No. CF-2005-855.[1]  Respondent has moved to dismiss the Petition on the ground that it is time-barred, and Petitioner has responded to the Motion.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the following reasons, it is recommended that the Motion to Dismiss be granted and the Petition be dismissed as it is time-barred.

---

[1]Public records of the Oklahoma Department of Corrections reflect that Petitioner has discharged his sentences for his convictions for Sexual Abuse of Child (count one) and Sexual Abuse of a Child (count two). http://www.doc.state.ok.us/offenders/offenders.htm (Offender lookup last accessed November 7, 2012).

1

I. <u>Background</u>

State court records presented by the parties reflect that Petitioner was tried before a jury on the seven counts described above and found guilty of all counts.  In accordance with the jury's recommendation, on June 30, 2006, Petitioner was sentenced to serve an aggregate 24-year term of imprisonment for these convictions.  Petitioner appealed the convictions and asserted on appeal that (1) multiple charges, convictions, and punishments for counts one, two, and three of the offenses involving victim H.G. and counts four and five involving victim L.M. violated Petitioner's constitutional protection against double jeopardy and/or state statutory guarantees against double punishment; (2) the evidence with respect to several of the offenses was not sufficient; (3) the trial court improperly admitted evidence of other crimes which denied Petitioner's right to a fair trial; and (4) Petitioner's sentences are excessive and should be modified.  Brief in Support of Motion to Dismiss, Ex. 3.  In a summary opinion entered August 22, 2007, the Oklahoma Court of Criminal Appeals ("OCCA") rejected each of these claims and affirmed Petitioner's convictions and sentences. <u>Id.</u> (<u>Sommers v. State</u>, Case No. F-2006-724 (Okla. Crim. App. Aug. 22, 2007)(unpublished summary op.)).

On April 8, 2010, Petitioner sought post-conviction relief in the district court. Petition, Ex. 3.  The district court denied post-conviction relief in an order filed April 21, 2010.  There is no indication in the record that Petitioner appealed this decision.  Petitioner filed a second post-conviction application in the district court on December 2, 2011. Petition, Ex. 3.  The district court denied post-conviction relief in an order entered March 22, 2012. Petition, Ex.

3.  The OCCA affirmed this decision in an order entered June 25, 2012. Petition, Ex. 3 (Sommers v. State, Case No. PC-2012-356 (Okla. Crim. App. June 25, 2012)(unpublished order)).

II. Petitioner's Claims

In the instant Petition, Petitioner contends in ground one that he was denied effective assistance of trial counsel because his "attorney failed to investigate witnesses statements, Failed [sic] to call witnesses and discredit statements." Petition, at 5.  He also alleges that he was denied effective assistance of appellate counsel because his appellate counsel failed to assert a claim of denial of effective assistance of trial counsel.  In grounds two and three, Petitioner asserts that evidence admitted at trial was obtained by use of "perjured testimony" and that the prosecutor's use of "perjured testimony" constituted prosecutorial misconduct. Petition, at 6-8.

III. Statute of Limitations Governing § 2254 Habeas Petitions Brought by State Prisoners

Respondent seeks the dismissal of the Petition on the ground that it is time-barred by operation of 28 U.S.C. § 2244(d)(1).  Among other provisions, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposed a one-year limitations period on the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. §2244(d)(1).  As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336  (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

3

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period generally begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  AEDPA's limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).  The limitations period may also be equitably tolled in extraordinary circumstances. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2562 (2010). See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(equitable tolling of limitation period is appropriate only in "rare and exceptional circumstances").  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent."  Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998).  Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson, 232 F.3d at 808.  However, "this Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).

On August 22, 2007, the OCCA entered its decision affirming Petitioner's convictions and sentences in his direct appeal.   Petitioner's convictions became "final" for purposes of the AEDPA's limitation period on November 20, 2007, or ninety days after the OCCA entered its decision, when the time for filing a petition for certiorari in the Supreme Court expired. See Locke v. Saffle, 237 F.3d 1269, 1272-1273 (10th Cir. 2001)(holding that under § 2244(d)(1)(A) habeas petitioner's state conviction is not final and one-year limitations period does not begin to run until after Supreme Court has denied certiorari or, if no petition for certiorari is filed, after time for filing petition for certiorari has expired); Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999)(explaining that if habeas petitioner fails to file petition for certiorari his conviction becomes final after time for filing petition has expired).

Petitioner's one-year limitations period began to run on November 21, 2007, and expired one year later, on November 21, 2008.   Petitioner's two applications for post-conviction relief under Oklahoma law were filed after the limitations period expired and therefore do not toll the limitations period. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006)("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

Petitioner's Petition may still be timely filed if equitable tolling of the limitations period is warranted.   Petitioner contends that equitable tolling should be applied because he was abandoned by the attorneys hired to file his federal habeas petition.   As support for his assertion, Petitioner relies on two affidavits, one of which is authored by his father and another of which is authored by a private attorney.   However, although the affiants indicate

that Petitioner and/or his father separately hired two attorneys who did not file an "appeal" on Petitioner's behalf, the affiants provide no dates on which the attorneys were purportedly hired or any other circumstances indicating either exceptional circumstances or due diligence by Petitioner.  In Petitioner's responsive pleading, he states that he did not become aware until January 2010 that one of the attorneys hired to pursue his "appeal," Mr. Brown, had not been admitted to practice in federal court "at the time he was hired." Petitioner's Response, at 2.  Petitioner also states that it was his father and not Petitioner who hired Mr. Brown and that it was "his family" that hired the second attorney, Mr. Gassaway, on an unidentified date. Id.

The Supreme Court has recognized that an attorney's conduct may provide "extraordinary" circumstances warranting the application of equitable tolling of the AEDPA's limitations period. See Holland, __ U.S. at __, 130 S.Ct. at 2564.  In that case, the Court distinguished "a garden variety claim of excusable neglect" which would not warrant equitable tolling. Id.  However, the Court found several reasons why the circumstances in Holland "may well be an 'extraordinary' instance in which petitioner's attorney's conduct constituted far more than 'garden variety' or 'excusable neglect,'" including the fact that the attorney failed to file the federal habeas petition on time despite the petitioner's "many letters that repeatedly emphasized the importance of his doing so" and those letters "identif[ied] the applicable legal rules." Id.  Additionally, the attorney "failed to communicate with his client over a period of years, despite various pleas from Holland that [the attorney] respond to his letters." Id.  Additionally, the Court found that with respect to the due-diligence requirement

6

the petitioner had "repeatedly contacted the state courts, their clerks, and the [state bar association] in an effort to have [the attorney] - the central impediment to the pursuit of his legal remedy - removed from his case.  And, the *very day* that Holland discovered this his AEDPA clock had expired due to [his attorney's] failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court."  Id. at 2565.

Holland is clearly distinguishable from the instant case as Petitioner has not asserted or provided evidence that he wrote or telephoned his purportedly retained attorneys to ascertain the status of a federal habeas petition.  Rather, Petitioner states that he relied entirely on the assurances of his retained attorneys that a petition would be timely filed. Moreover, Petitioner does not state that he took any action whatsoever to pursue his federal claims until long after the AEDPA limitations period expired, when he filed the instant habeas Petition in August 2012.  Thus, because no "extraordinary" circumstances are present, and because Petitioner did not diligently pursue his federal claims, equitable tolling of the limitations period is not warranted.  Accordingly, the Petition should be dismissed as it is time-barred.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 7) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as time-barred.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by  November 27th , 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The

failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.  <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this _____7th_____ day of ___November___, 2012.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE