# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEROY SOMMERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-0867-F |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, a state prisoner appearing *pro se* whose pleadings are liberally construed, brings this action seeking habeas relief under 28 U.S.C. § 2254.

Magistrate Judge Gary M. Purcell entered his Report and Recommendation in this matter on November 7, 2012, recommending that the motion to dismiss of the respondent, doc. no. 7, be granted, and that the petition be dismissed as time-barred. Report and Recommendation at doc. no. 11. Petitioner filed an objection to the magistrate judge's recommended findings and conclusions, doc. no. 13, and submitted additional documents which were not submitted to the magistrate judge. Doc. no. 12. Matters raised for the first time in objections to the magistrate judge's report are waived.[1] Alternatively, if the belatedly submitted materials are considered, the court

---

[1]United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001). *And see*, Polinard v. Homecomings Financial Network, 2007 WL 2710843 at *2 (W.D. Tex. 2007) (citing authority for proposition that the Magistrate Judge Act, 28 U.S.C. § 631 et seq., anticipates that the magistrate judge will hear all arguments of parties; fact that the Act provides for de novo review by the district court in the event of timely objections does not allow the parties to raise, at district court stage, new evidence, argument, and issues not presented to the magistrate judge.)

finds that the material would not change the result here because the material does not establish grounds for equitable tolling of the statute of limitations.

The court reviews all objected to matters *de novo*.

Upon review, and having considered defendant's objections, the court concurs with the magistrate judge's determinations and concludes that it would not be useful to cite any additional arguments or authorities here.

Accordingly, the Report and Recommendation of Magistrate Judge Purcell is **ACCEPTED, ADOPTED** and **AFFIRMED** in its entirety.  The motion to dismiss is **GRANTED**, and the petition for a writ of habeas corpus is **DISMISSED** as time-barred.

Petitioner is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal.  *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'").  "Where a district  court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.  When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Petitioner has not made the requisite showing; a certificate of appealability is **DENIED**.

Dated this 13th day of December, 2012.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

12-0867p001.wpd